## THOMPSON & DALEY v. PANAMA R. CO.

(Circuit Court of Appeals, Fifth Circuit. May 21, 1925.)

No. 4473.

1. **Damages ⊜⇒190—Evidence held not to sustain a claim of frustration of contract.**

Evidence *held* not to sustain a claim for large damages, based on an allegation that plaintiffs had a contract for sale of a vessel, consummation of which was prevented by illegal acts of defendant.

2. **Damages ⊜⇒91(2)—Exemplary damages not recoverable for acts done in good faith without malice.**

Exemplary damages are not recoverable for acts done in good faith, under legal advice, and without malice.

In Error to the District Court of the United States for the Canal Zone; John D. Wallingford, Judge.

Action at law by Thompson & Daley against the Panama Railroad Company. Judgment for plaintiffs, from which they bring error. Affirmed.

Chauncey P. Fairman, of Christobal, Canal Zone, for plaintiffs in error.

John O. Collins and Newton A. Becker, both of Ancon, Canal Zone, for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that in January, 1921, the steamship Agron, then in the waters of the Canal Zone, was seized and subsequently sold under admiralty process to plaintiffs in error, Frank Y. Thompson and James Daley, hereafter referred to as plaintiffs, doing business as Thompson & Daley. The sale covered the vessel, her tackle and apparel, as is usual in admiralty sales. Prior to her seizure defendant in error, the Panama Railroad Company, hereafter referred to as defendant, which as one of its numerous activities, necessary in that part of the world, is engaged in the storage and sale of bunker coal, had sold and delivered to the Agron some 350 tons of coal, which had not been paid for. The Governor of the Panama Canal is also president of the defendant, and the engineer of maintenance of the Canal Zone is its vice

president. By virtue of an executive order, in the absence of the Governor, the engineer of maintenance acts as Governor. The Governor is in command of the Zone police. At the time of the sale notice was given to prospective purchasers that the vessel owed debts and would not be allowed to depart unless they were paid. Demand was made by defendant on the plaintiffs for the return of the coal, which was refused, and thereafter, acting under an order of the Acting Governor and pursuant to an opinion given by the United States attorney of the Canal Zone, defendant sent its agents and laborers protected by the Zone police, and removed the coal from the vessel over the protests of plaintiffs.

Suit was brought to recover from defendant the value of the coal, alleged to be $6,300, $200 damages caused to the vessel in the removal, for an item of $50,000 alleged to be injury caused to the title and right of possession of the plaintiffs in and to the ship, which prevented her sale to a purchaser, and for a further item of $25,000 for exemplary damages. At the close of the case the District Court granted motions of defendant to take away from the jury the item of $50,000 for special damages and the item of $25,000 for exemplary damages. The case then went to the jury, and resulted in a verdict for the plaintiffs in the sum of $5,600. There are 10 assignments of error, all, however, running to the action of the court in granting the motions above referred to.

[1] The record is rather lengthy, and it would serve no good purpose to attempt to epitomize the evidence. Suffice it to say there was a failure on the part of plaintiffs to show with reasonable certainty that any bargain had actually been made for the sale of the vessel. She had been sold to the plaintiffs for $16,000, and their contention was that they had effected a sale for the price of $120,000. She was a Shipping Board vessel, and the prospective purchaser was probably an alien. Therefore she could not be sold without the consent of the Shipping Board, which had not been obtained. But, at most, the negotiations were tentative. No firm offer had been made, and there was nothing to show, except by inference, that the seizure of the coal affected the negotiations in any way. The action of the court on this item was undoubtedly correct.

[2] As to the item of exemplary damages, defendant relies upon the laws of Panama, and contends that under those laws no exemplary damages can be assessed against the defendant. Plaintiffs contend their rights are to be measured by the common law and the federal jurisprudence. It is unnecessary to discuss whether the rights of the parties are to be measured by the laws of Panama or the general jurisprudence of the federal courts. It is evident that there was an absence of malice in the action of the defendant in removing the coal. The superintendent of defendant believed he was acting within his rights under the order of the Acting Governor of the Canal Zone, fortified by the opinion of the United States attorney, and while the forcible taking of the coal was wrong and enforced by intimidation, there was no actual violence and no personal injuries to either of the plaintiffs' nor to any of their agents or employees. In this situation an action for exemplary damages would not lie.

As no error appears in the record, the judgment is affirmed.